IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CR. NO.** |
| | ) | |
| v. | ) | |
| | ) | |
| **GORMAN & ASSOCIATES, L.L.C.** | ) | |

### DEFERRED PROSECUTION AGREEMENT

Defendant Gorman & Associates, L.L.C. ("Gorman LLC") and the United States Attorney for the Middle District of Alabama (the "United States") enter into this Deferred Prosecution Agreement (hereinafter "the Agreement").

1. Gorman LLC shall waive indictment and agree to the filing of a one-count Information (the "Information") in the United States District Court for the Middle District of Alabama charging it with making false statements to the United States, in violation of 18 U.S.C. § 1001(a).

2. Gorman LLC accepts and acknowledges responsibility for having provided inaccurate estimates to the United States, as described in the Information. However, this Agreement does not constitute an admission by Gorman LLC that any errors in the estimates were made with the intent to deceive, mislead, or defraud any person, and the United States acknowledges that it is Gorman LLC's position that any errors in the estimates were the result of an innocent mistake.

3. As partial reimbursement for the United States' costs incurred in investigating and prosecuting this matter, Gorman LLC agrees to pay to the United States $12,000, payable in twelve monthly installments of $1,000, with the first payment due within 30 days after the date the Court approves this Agreement.



4.      During the pendency of this Agreement, Gorman LLC shall provide a copy of this Agreement to any person with whom it seeks to do business in any way connected to the application for or the administration of grants.

5.      During the pendency of this Agreement, Gorman LLC shall notify the United States if it learns that any of the members of Gorman LLC (or any entity that employs those members, or any entity in which they have an interest), seek to do business with any person that is in any way connected to the application for or the administration of grants.

6.      In exchange for Gorman LLC's undertakings under this Agreement, the United States shall recommend to the Court, pursuant to 18 U.S.C. § 3161(h), that prosecution of Gorman LLC on the Information filed pursuant to paragraph 1 of this Agreement be deferred for a period of up to twelve (12) months. Gorman LLC shall consent to a motion, the contents to be agreed by the parties, to be filed by the United States with the Court, promptly upon execution of this Agreement, pursuant to 18 U.S.C. § 3161(h)(2), in which the United States will present this Agreement to the Court and move for a continuance of all further criminal proceedings, including trial, for a period of up to twelve (12) months, for speedy trial exclusion of all time covered by such a continuance, and for approval by the Court of this Agreement. Gorman LLC further agrees to waive and does hereby expressly waive any and all rights to a speedy trial pursuant to the Sixth Amendment of the United States Constitution, 18 U.S.C. § 3161, Fed. R. Crim. P. 48(b), and any applicable Local Rules of the United States District Court for the Middle District of Alabama for the time period that this Agreement is in effect.



7. This agreement shall expire upon the payment by Gorman LLC of the full amount set forth in paragraph 3 of this Agreement, but in any event no less than six months but no more than twelve months after the date the Agreement is accepted by the Court.

8. The United States agrees that if Gorman LLC is in compliance with all of its obligations under this Agreement in all material respects, the United States, within thirty (30) days of the expiration of the time period set forth in paragraph 7 of this Agreement, will seek dismissal with prejudice of the Information. The dismissal of the Information does not relieve Gorman LLC of its responsibility of complying with all applicable laws and regulations. If the only breach by Gorman LLC is a failure to pay monies due under this Agreement, upon the expiration of this Agreement, the Government may, at its election, dismiss the Information and, at any time within the applicable statute of limitations, file a civil action to recover the monies due.

9. Gorman LLC and the United States understand that the Agreement to defer prosecution of Gorman LLC must be approved by the Court, in accordance with 18 U.S.C. § 3161(h)(2). Should the Court decline to approve a deferred prosecution for any reason, both the United States and Gorman LLC are released from any obligation imposed upon them by this Agreement, and this Agreement shall be null and void.

10. Contemporaneously with the execution of this Agreement, the United States shall submit to the Probation Office a recommendation that Letta Gorman be admitted into the pretrial diversion program with respect to the matter *United States v. Gorman*, Crim. No. 2:04cr100-F (M.D. Al.). In the event that the Probation Office does not accept Ms. Gorman into the pretrial diversion program, both the United States and Gorman LLC are released from any obligation imposed upon them by this Agreement, and this Agreement shall be null and void.

11.     Should the United States, in its sole discretion, determine that Gorman LLC has committed a willful and material breach of any provision of this Agreement, the United States shall provide written notice to Gorman LLC, through its counsel, George Beck, of the alleged breach and provide Gorman LLC with a two-week period in which to make a presentation to the United States Attorney for the Middle District of Alabama to demonstrate that no breach has occurred or, to the extent applicable, that the breach is not willful or material or has been cured. The parties hereto expressly understand and agree that should Gorman LLC fail to make a presentation within such 30 day period, it shall be conclusively presumed that Gorman LLC is in willful and material breach of this Agreement.

12.     Gorman LLC understands that this Agreement is binding on the United States Attorney for the Middle District of Alabama, but specifically does not bind any other federal agencies, or any state or local authorities, although the United States will bring Gorman LLC's compliance with its obligations under this Agreement to the attention of state or local prosecuting offices or any state or federal regulatory agencies, if requested by Gorman LLC or its attorneys.

13.     Gorman LLC further understands that this Agreement does not relate to or cover any conduct by Gorman LLC other than the conduct described in, or arising from the facts contained in the Information or described in any document produced in discovery in the matter *United States v. Gorman*, Crim. No. 2:04cr100-F (M.D. Al.).

14.     This Agreement sets forth all the terms of the Deferred Prosecution Agreement between Gorman LLC and the United States. No promises, agreements or conditions have been entered into other than those expressly set forth in this Agreement, and no modification of this agreement shall be entered into and/or be binding upon Gorman LLC or the United States unless

expressly set forth in writing and signed by the United States and a duly authorized representative of Gorman LLC.



Executed as of ~~August 31~~ September 26th, 2005

GORMAN & ASSOCIATES, L.L.C.

By: *[signature]*
LETTA DILLARD GORMAN, Member


LEURA GARRETT CANARY
UNITED STATES ATTORNEY

*[signature]*

Andrew O. Schiff
Assistant United States Attorney
Deputy Chief, Criminal Division